**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSUE PACHECO, an individual; | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| STEVE MADDEN LTD.; and DOES 1-10 inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Josue Pacheco a/k/a Werds hereby complains against Defendant Steve Madden, LTD. ("Steve Madden"); and Does 1-10 inclusive (collectively referred to as "Defendants") as follows.

COMPLAINT

**SUMMARY OF THE CASE**

1.      Plaintiff Josue Pacheco is an artist, well known in the contemporary art world by his pseudonym WERDS.

2.      In or about 2016, Pacheco painted an outdoor mural (shown below).



3.      Steve Madden inexplicably featured the Mural in a marketing campaign (the "Campaign"), without Plaintiff's knowledge or consent. The Campaign included still images of the Mural and was posted widely across Steve Madden's social media, including on its YouTube channel, and Facebook and Twitter accounts.

4.      Madden's exploitation of the Mural is particularly damaging because Plaintiff has carefully avoided any association with corporate culture or mass-market consumerism. Despite offers, Plaintiff has very rarely made his original art available as part of corporate advertising campaigns—partly for artistic reasons but also because doing so would diminish the value of his work. Indeed, nothing is more antithetical to a street artist's credibility than association with mass market advertising. People who recognized Plaintiff's Mural in the Campaign would have concluded that he'd "sold out," diminishing the value of his work and reputations.

5.      Plaintiff brings this straightforward copyright infringement claim (17 U.S.C. § 101, *et seq*.) for misappropriation of his Mural.

COMPLAINT

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition.

7.      Defendants are subject to the personal jurisdiction of the Court because the Campaign was distributed in, expressly aimed at, and viewed by, California residents and residents of this District. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) for the same reasons.

## THE PARTIES

8.      Defendant Steve Madden, Ltd. operates a national apparel business. It maintains a headquarters in New York, New York.

9.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

10.     Each of the defendants acted as an agent for each of the other defendants in doing the acts alleged and each defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

COMPLAINT

## GENERAL ALLEGATIONS

**A.    Plaintiff**

11.    Plaintiff is a well-known contemporary artist.

**B.    The Mural**

12.    Plaintiff painted the original Mural in 2016, in New York, NY. The purpose of the Mural was purely artistic. The copyright for the Mural was registered with the United States Copyright Office, effective August 17, 2021 (United States Copyright Registration VAu 1-441-010).

**C.    Steve Madden's advertising campaign featuring the Mural.**

13.    In an effort to increase sales revenues, attract new customers, and target a young urban demographic, Steve Madden developed and launched the Campaign featuring the Mural as a centerpiece element.

14.    The Mural was incorporated into the Campaign without Plaintiff's authorization—or even his knowledge. The purpose of the Campaign was to invite and encourage consumers to purchase Madden's products, and to benefit the reputation and recognition of the Steve Madden brand as a whole.

15.    In this regard, Madden, undertook to unlawfully copy, and did unlawfully copy, Plaintiff's Mural for the purpose of incorporating it into the Campaign. On information and belief, Madden chose to include Plaintiff's Mural in the Campaign because of its aesthetic value and to give the false impression that Plaintiff is affiliated with and endorses Madden.

16.    Versions of the Campaign featuring the Mural—including both still images and video—were offered across the internet and Madden's social media platforms, including, but not limited to, its Twitter, Facebook and Instagram accounts.

17.    On information and belief (based on the content of the Campaign), the Campaign was designed to draw in and engage the consumers to whom Madden hoped to sell products.

COMPLAINT

18.     Further purposes of the Campaign were to (1) promote Madden's products; and (2) benefit the reputation and recognition of the Steve Madden brand as a whole. The Campaign was intended to (and on information and belief, did) engage customers, increase traffic to Madden's retail locations, website, social media accounts, and increase Madden's sales revenues.

19.     On information and belief (based on the nature of the advertising) the Campaign was seen by many consumers worldwide. The Campaign was shared across a network of official Steve Madden social media channels.

20.     Madden reproduced these unauthorized copies of Plaintiff's artwork without Plaintiff's consent; and Madden's use of Plaintiff's artwork is for its own advertising and brand enhancement.

21.     After discovering Madden's unauthorized use of the Mural, Plaintiff promptly demanded Defendants cease using the infringing images. Defendants refused, and Madden continues to use the infringing images to this day.

22.     Due to Defendants' misconduct as alleged herein, Plaintiff's reputations and career has been irreparably tarnished, diminishing the value of his work and causing decreased revenue from the sale of artworks.

23.     Madden benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased digital impressions and sales increases generated by the advertisements; and (2) the association with Plaintiff and his artwork increased the value, image, and positioning of the Madden brand.

24.     Plaintiff has sustained significant injury and monetary damages due to Defendants' wrongful acts as alleged in this Complaint. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. To determine the full extent of such damages, including such profits of Defendants as may be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful conduct.

COMPLAINT

25.     Plaintiff is informed and believe, and thereon allege, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of his legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

26.     Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

### First Claim for Relief for Copyright Infringement
### (Against All Defendants)

27.     Plaintiff incorporates herein by this reference all prior paragraphs as if set forth in full in this cause of action.

28.     Plaintiff's Mural was created in 2016. The Mural is an original work that may be copyrighted under United States law. Plaintiff applied to the copyright office and received a certificate of registration for the Mural, dated August 17, 2021 and identified as United States Copyright Registration Number VAu 1-441-010.

29.     After Plaintiff's creation of the graphic expression and (on information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by copying, as described above, the artwork and exhibiting such copied images as advertising materials without the permission, license or consent of Plaintiff.

30.     Even after Plaintiff protested, Defendants continue to infringe Plaintiff's copyright by continuing to exhibit unauthorized copies of Plaintiff's Mural in advertising materials, and on Defendants' social media accounts.

COMPLAINT

31.    As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

32.    By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants are also liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.    That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, due to the acts complained of herein, subject to proof at trial;

2.    That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3.    That Plaintiff is awarded pre-judgment interest;

4.    For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.    That Defendants be ordered to immediately recall and remove all infringing advertisements from all remaining locations, physical or digital;

COMPLAINT

6. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct;

8. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

9. For further relief, as the Court may deem appropriate.

DATED: September 14, 2021          ERIKSON LAW GROUP

                              By:  _____/s/_____
                                   David A. Erikson
                                   Attorneys for Plaintiff

COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial on their claims on all issues triable by a jury.

DATED: September 14, 2021         ERIKSON LAW GROUP

By:      /s/
         David Erikson
         Attorneys for Plaintiff

COMPLAINT